IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN REMMER, | |
| Plaintiff, | |
| v. | Case No. 19-cv-420-NJR |
| WEXFORD HEALTH SOURCES, INC., et al., | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Darren Remmer's motion for reconsideration or to alter or amend final judgment, or, alternatively for leave to file an Amended Complaint (Docs. 60 and 61). Remmer asks this Court to reconsider its Order entered on February 12, 2021, which *sua sponte* dismissed an Eighth Amendment claim against Nurse Claudia Dowty[1] for ordering Remmer to touch a deceased inmate (Doc. 58). Remmer argues that the Court reconstrued his claim and that it should not have been dismissed. Defendants filed a response to the motion (Doc. 63), and Remmer filed a reply brief (Doc. 65).

## BACKGROUND

On April 15, 2019, Remmer filed his Complaint pursuant to 42 U.S.C. § 1983 alleging deliberate indifference in the treatment of two hernias he sustained while working as an

---

[1] Claudia Dowty was originally identified in the Complaint as Nurse Dowdy. In the Court's February 12, 2021 Order, Dowty's name was corrected on the docket sheet to reflect her formal name (Doc. 58 n.1).

inmate in Lawrence Correction Center's ("Lawrence") medical unit (Docs. 1 and 6). As construed by the District Judge Phil J. Gilbert's August 28, 2019 merits review Order, Remmer alleged Dowty was "deliberately indifferent by forcing Remmer to touch a deceased inmate's corpse, and for failing to provide any treatment for injuries Remmer sustained while doing so." (Doc. 6, p. 5).

This claim was construed from the factual allegations in Remmer's Complaint (Doc. 1). The Complaint alleged that Remmer suffered two hernias "while illegally moving a deceased inmate['s] body, at the direction of Nurse Dowty." (Doc. 1, p. 10). On November 25, 2017, after discovering that an inmate had passed, Nurse Dowty "gave the plaintiff a direct order to put [the inmate] on the floor. [The inmate] weighed approximately 270 lbs." (*Id*. at p. 12). Remmer touched the body and noted that he was ice-cold. Nurse Dowty replied to hurry up and motioned for Remmer to pick up the inmate (*Id*. at p. 13). Remmer then grabbed the inmate's upper body, while Nurse Dowty grabbed the inmate's feet. As they moved the inmate to the floor, Nurse Dowty dropped the inmate's feet and the weight shifted to Remmer, who felt a pull in his groin (*Id*.). It was later discovered that Remmer suffered two hernias. In addition to immediately reporting the incident to Dowty, on November 27, 2017, he also reported the injury to Healthcare Administrative Director Lori Cunningham who "stated the nurse should not have had the plaintiff touch a corpse in a crisis situation." (*Id*.).

Remmer alleged Dowty was responsible for his physical and emotional injuries "which stem from her direct orders to handle the body of a corpse." (*Id*.). He further alleged that he suffered from chronic pain as well as "nightmares, dreams, stress, depression, anxiety, and re-living the trauma in his mind from the direct contact with the corpse." (*Id*.). He was diagnosed with post-traumatic stress disorder as a result of the order to move a dead body

(*Id*. at p. 14). He noted that he finds himself "staring at other inmates while they're sleeping to make sure they move." (*Id*.). He also alleged that the instruction to "handle the dead body…was against the policies of both the Illinois Department of Corrections and Wexford as this could have been a crime scene." (*Id*.).

In the review of the Complaint, Judge Gilbert noted that the Complaint alleged Dowty was responsible for both physical and emotional trauma. As to the emotional trauma, Remmer alleged that he suffered from post-traumatic stress disorder from being asked to move a dead inmate's corpse (Doc. 6, p. 2). "Physically, he allege[d] that Nurse Dowty exhibited deliberate indifference to his serious medical need by failing to provide pain relievers…or to make an immediate recommendation that he see a doctor." (*Id*. at p. 3).

After the merit review Order was entered and the parties were served, Judge Gilbert entered an initial scheduling Order (Doc. 31). Remmer was given until April 6, 2020, to file a motion to amend his Complaint (*Id*.). On March 16, 2020, Dowty filed her motion for summary judgment on the issue of administrative exhaustion (Docs. 37 and 38). On June 2, 2020, Remmer was assigned counsel (Doc. 49). On August 4, 2020, Remmer filed his response to the summary judgment motion (Doc. 51). On October 9, 2020, Remmer's case was transferred from Judge Gilbert to the undersigned (Doc. 52). The Court held an evidentiary hearing on January 21, 2021 (Doc. 56).

The Court then granted summary judgment for Dowty, finding that Remmer failed to exhaust his deliberate indifference claim related to the lack of care provided to Remmer by Dowty. This left only the portion in Count 1 that alleged Dowty was deliberately indifferent by forcing Remmer to touch a deceased inmate's corpse. The Court found that this last remaining part of the claim, the order to touch a deceased inmate, did not state a

constitutional violation. Thus, the portion of Count 1 related to touching the corpse was dismissed *sua sponte* (Doc. 58, p. 13).

Remmer now argues that the Court was mistaken as to the nature of this portion of the claim. He argues that his claim was not related to the order to touch a deceased body but rather his Complaint alleged Dowty was deliberately indifferent in forcing him to perform physical labor that was beyond his strength and endangered his health.

## DISCUSSION

### A. Motion to Reconsider

Remmer requests that the Court reconsider its dismissal of Dowty pursuant to Federal Rule of Civil Procedure 54(b) or, in the alternative, Rule 59(e). Rule 54(b) allows "any order or other decision…that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties…may be revised at any time before the entry of a judgment adjudicating all the claims." Motions under this Rule are judged by the same standards for motions to alter or amend judgment under Rule 59(e). *See Duminie v. Ne. Reg'l Commuter R.R. Corp.*, Case No. 17-cv-3030, 2020 WL 4505813 at *2 (N.D. Ill. Aug. 5, 2020); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v.*

*Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Simply put, Remmer fails to demonstrate that the Court was mistaken about the nature of his claim against Dowty. Remmer argues that the Court either misunderstood or misapprehended the basis of his claim. He suggests that his Complaint alleged a claim against Dowty for directing him to perform labor that was beyond his strength and dangerous to his health. He cites to a number of cases allowing claims of deliberate indifference when an inmate is forced to perform labor beyond his abilities. *See Smith v. Peters*, 631 F.3d 418, 420 (7th Cir. 2011) (allowing claim against officials who forced inmates to remove stumps in in freezing cold temperature with axes and shovels and without necessary protective gear or gloves, noting that the "prison system is not a gulag"); *Hall v. Bennett,* 379 F.3d 462, 465 (7th Cir. 2004) (claim of deliberate indifference where individual not trained as an electrician was ordered to work on a live circuit without protective gloves and was electrocuted). Both cases found that inmates can state a claim when they are required to work in a position known to have a risk of harm and are not provided with proper equipment. Further, the Seventh Circuit has stated that an inmate can state a claim where he is ordered "to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful." *Smith*, 631 F.3d at 420 (quoting *Ambrose v. Young,* 474 F.3d 1070, 1075 (8th Cir. 2007)).

The Court agrees that if Remmer's Complaint alleged that Dowty was deliberately indifferent in ordering Remmer to lift a deceased body that was too heavy for him to lift, then he might be able to state a claim that he was ordered "to perform labor…beyond [his] strength." But that is not what Remmer's Complaint alleged. The Court found that Remmer's Complaint stated two claims regarding Dowty: that she was deliberately indifferent in forcing him to touch a deceased corpse and in failing to provide treatment for Remmer's injuries that he sustained doing so. Judge Gilbert described this claim as two-fold: physically, Dowty "exhibited deliberate indifference to his serious medical need by failing to provide pain relievers…[and] immediate recommendation" to a doctor, and emotionally, she had him move a dead inmate's corpse, which caused him nightmares, stress, and post-traumatic stress disorder (Doc. 6, pp. 2-3). The claim was that the moving of a dead body caused Remmer emotional trauma.

This determination of the claim was based on the allegations in the Complaint. The Complaint was quite clear as to the nature of the claim regarding Dowty's directive to touch a dead body. His Complaint alleged that he suffered nightmares and anxiety from "re-living the trauma in his mind from the *direct contact* with the corpse" (Doc. 1, p. 13) (emphasis added). This was in part due to moving the body of "someone plaintiff knew and interacted with for a time period" (*Id.*). Remmer was later diagnosed with post-traumatic stress disorder "caused from the direct order given by Nurse Dowty to move a dead body" (*Id.* at p. 14). He believed the instruction was against policies of the prison and Wexford because it could have been a crime scene (*Id.*). He noted that Cunningham later apologized and told him Dowty should not have directed him to "touch a corpse" (*Id.* at p. 13). Although Remmer mentioned the size of the deceased inmate, *nothing* in the Complaint suggested that Remmer took issue

with the order to lift a body beyond his strength. The Complaint clearly focuses on the psychological issues surrounding an order to move a deceased individual. Thus, the Court was not mistaken in the nature of the claim raised by Remmer.

The portion of Count 1 focusing on the touching of a deceased inmate did not focus on the inability to move the inmate as Remmer now alleges. Nor did the Complaint allege that Remmer was ordered to perform a task beyond his abilities or without proper equipment or safety precautions as the cases Remmer has cited. In fact, Remmer acknowledged in the Complaint that Dowty helped to lift the inmate (Doc. 1, p. 13). There are no allegations to suggest that Dowty should have been aware of the risk of having Remmer lift the inmate or that he was asked to lift a weight beyond his abilities. Remmer fails to point to any case law suggesting that ordering to touch or move a deceased inmate, on its own, can amount to deliberate indifference. Thus, that portion of Count 1, focusing on the improper order to touch the corpse, was properly dismissed.

### B. Request to Amend

In the alternative, Remmer asks that the Court allow him leave to amend his Complaint in order to add a deliberate indifference claim against Dowty on the theory that ordering him to move the corpse put him at risk of harm and/or was beyond his abilities. Remmer acknowledges the deadline to amend the Complaint under the Court's initial scheduling order (Doc. 31) expired on April 6, 2020, but he asks to amend the scheduling order pursuant to Federal Rule of Civil Procedure 16(b). Rule 16(b) allows a schedule to "be modified only for good cause and with the judge's consent." Rule 15 (a)(2), allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that amendments should be freely granted "when justice so

requires."

The decision to grant a plaintiff leave to further amend a compliant under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). Leave to amend may be denied for several reasons, however, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…[or the] futility of amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Remmer argues that he was proceeding *pro se* when he first filed his Complaint and when the deadline for amending his Complaint expired. He also was not aware that a claim that survived merits review would later be dismissed as legally insufficient. But Remmer argues in his motion to reconsider that the Court misconstrued his Complaint when it found that he, initially, stated a claim against Dowty for the improper order to move a deceased inmate. Remmer was well aware how the Court had construed his claims against Dowty from the time Judge Gilbert entered his merits review of the Complaint on August 28, 2019. He never sought to amend his Complaint, nor did he request that the Court reconsider the merits review Order. Even after counsel was assigned to Remmer on June 2, 2020, he continued to proceed on the current claims. Again, he did not seek a reconsideration of the merits review Order, nor did he seek to amend his Complaint. He did not seek to amend his Complaint until Dowty was already dismissed from the case. Thus, the Court finds undue delay on the part of Remmer. Further, an amendment now would result in prejudice to Dowty who was already dismissed from the case when Remmer sought to amend his Complaint and add her

back into the case.

## CONCLUSION

For the reasons stated above, Remmer's motion to reconsider or, in the alternative, to amend his Complaint (Doc. 60) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 18, 2022**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**